GRIFFIN v. WHITAKER.

Opinion delivered February 2, 1925.

1. HUSBAND AND WIFE—HUSBAND MANAGING WIFE'S PROPERTY.—
The mere fact that a wife permitted her husband to manage
her property and collect the rents does not necessarily imply
that she was permitting him to hold it out to creditors as his
own; it being a question for the court to determine whether the
creditors and those dealing with the insolvent husband were
reasonably warranted in believing that the property was his,
and whether the wife's conduct was such as to justify the
belief that she permitted her husband to hold himself out
as the owner of the property.

2. FRAUDULENT CONVEYANCE—EVIDENCE.—A conveyance by a hus-
band to his wife is not shown to be fraudulent as to subsequent
creditors where the deed was placed on record five years before
he became insolvent, though he rented the property and offered it
for sale, and many people in the vicinity believed it to be his
property.

3. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDINGS.—
Where a case is one that turns entirely upon the determination
of questions of fact, a decree of the chancery court will not be
disturbed if it is not against the preponderance of the evidence.

Appeal from Boone Chancery Court; *Ben F. McMa-
han*, Chancellor; affirmed.

*C. A. Fuller*, for appellant.

Where the wife permits her husband to use her
property in such a way as to obtain credit thereon on the
faith of its being his own, and it is not shown that she
objected thereto, it is too late in an action to sequester
the property in payment of the husband's debts to assert
her claim against the creditors of her husband. 50 Ark.
42; 62 Ark. 32; 84 Ark. 231; 86 Ark. 488; 92 Ark. 320.

*Shouse & Rowland*, for appellee.

Equitable estoppel, being merely an instance of
fraud, requires intentional deception, and, at least that
gross negligence which is evidence of intent to deceive.
97 Ark. 43; 91 Ark. 141. One is not estopped by his con-
duct where the other party was not led thereby to do
or to omit to do something. 103 Ark. 326. Fraud will
not be presumed. 11 Ark. 378; 38 Ark. 419; 99 Ark. 45;

119 Ark. 78. The finding of the chancellor being supported by sufficient evidence will not be disturbed.     105 Ark. 626; 119 Ark. 386.

McCULLOCH, C. J. This is an action instituted against appellees by appellant in the chancery court of Boone County to subject certain real estate to the payment of appellant's debt against appellee E. G. Whitaker on the ground that the legal title is held by appellee Pearl Fox, the daughters of E. G. Whitaker, in fraud of the latter's creditors. Appellees answered denying the allegations of the complaint, and the chancery court, on the hearing of the cause, dismissed the complaint for want of equity.

The facts are that, prior to the year 1912, E. G. Whitaker was in the mercantile business at Alpena Pass, in Boone County, and was the owner of the real estate in controversy, subject to a mortgage in the sum of $2,-500, which he had executed to secure his own debt. He sold out his mercantile business on account of ill health, and paid all of his debts except the mortgage debt mentioned above, and on May 13, 1912, he executed to his wife A. B. Whitaker, a deed conveying property subject to the mortgage, and this deed was immediately placed on record. A few years later E. G. Whitaker re-entered the mercantile business at Alpena Pass, but, in the year 1917, he became insolvent, and conveyed his stock of goods and other personal property to appellant, J. P. Griffin. There was a failure to comply with the bulk sales law, and appellant was held liable to Whitaker's creditors in the sum of $696, and he discharged the liability by payment of the amount in full. It is conceded that E. G. Whitaker is still liable to appellant for that amount, by way of subrogation of the rights of Whitaker's debts which were discharged by appellant.

After the commencement of this action A. B. Whitaker conveyed the lands to Pearl Fox, who was her daughter.

It is not contended by appellant that E. G. Whitaker was insolvent at the time he executed the deed to his wife on May 13, 1912, nor that the deed in question was exe-

cuted with any intention to defraud future creditors, but the contention is that, according to the proof in the case, Mrs. Whitaker permitted her husband, E. G. Whitaker, to use the property as his own and hold it out to creditors as a basis of credit. Counsel rely upon the principle announced by this court in the case of *Driggs & Co.'s Bank* v. *Norwood,* 50 Ark. 42, and subsequent decisions adhering to that rule.

According to the testimony adduced by appellant, E. G. Whitaker continued to manage the property, rent it out and offer it for sale up to the time of the commencement of this action, and there is proof tending to show that, before he failed in business in the year 1917, he included this property in a written statement to a commercial agency concerning his financial condition, but Whitaker denied that he made the statement, and we cannot say that a finding by the court in his favor on that issue was against the preponderance of the evidence. The proof is sufficient also to show that Mrs. Whitaker knew that her husband was managing the property and collecting the rents, but she contends that he was doing that merely as her agent.

This court has no disposition to disregard, or to depart from the wholesome rule announced in the decision referred to above, which has been so often followed in other decisions, but the mere fact that a wife permits her husband to manage her property does not necessarily imply that she is permitting him to hold it out to creditors as his own property. It is a question for the determination of the court in a given case, on the evidence adduced, as to whether or not the situation is such as to reasonably warrant creditors and those dealing with an insolvent to believe that the property is his own, and whether or not the wife's conduct was such as to justify the belief that she permitted her husband to do that. In the present instance the property in controversy was a building in town, and the deed was placed on record five years before Mrs. Whitaker's husband became insolvent. The mere fact that he rented the property and

offered it for sale does not necessarily imply that he was, with the knowledge of his wife, holding himself out to be the owner. The fact that many people in the vicinity believed it to be his property does not compel the conclusion that the wife's conduct justified such a belief.

After consideration of the whole testimony in the case, we cannot say that the inference drawn by the chancery court from the conduct of the parties was unjustified by the facts proved in the case. In other words, the decree is not against the preponderance of the evidence, and, the case here being one that turns entirely upon determination of the questions of fact the decree is affirmed.